IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | § | |
|---|---|---|
| In Re Rogelio Cannady | § | B-10-CV-87 |
| | § | |
| | § | |

MEMORANDUM AND ORDER DISMISSING SUCCESSIVE PETITION

On May 19, 2010, Jose Luis Pena filed a document purporting to be a petition for a writ of habeas corpus on behalf of Texas death row inmate Rogelio Cannady and a request that this Court stay Cannady's execution, scheduled for later today. This Court dismissed Cannady's original federal petition on April 29, 2005. The Fifth Circuit denied a certificate of appealability on March 22, 2006, *Cannady v. Dretke*, 173 Fed.Appx. 321 (5th Cir. 2006), and the Supreme Court denied *certiorari* on October 2, 2006, *Cannady v. Quarterman*, 549 U.S. 864 (2006). On May 17, 2010, Cannady, through his appointed counsel, Michael Gross, filed in the Fifth Circuit a motion for authorization to file a successive petition. The Fifth Circuit denied that motion today.

The Anti-Terrorism and Effect Death Penalty Act ("AEDPA") prevents this Court from considering the merits of any successive habeas petition without prior authorization from the Fifth Circuit. "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *Felker v. Turpin*, 518 U.S. 651, 664 (1996) ("The Act requires a habeas petitioner to obtain leave from the court of appeals before filing a second habeas petition in the district court."). "Indeed, the purpose and intent of [28 U.S.C. § 2244(b)(3)(A)] was to eliminate the need for the district courts to

1

repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citing *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)).

This Court is without jurisdiction to consider a successive petition. *See Key*, 205 F.3d at 774 ("Accordingly, §2244(b)(3)(A) acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until [the circuit court] has granted the petitioner permission to file one."). As this Court lacks jurisdiction to consider a successive habeas petition, it likewise lacks jurisdiction to stay Cannady's execution. *See Kutzner v. Cockrell*, 303 F.3d 333, 338 (5th Cir.), *cert. denied*, 536 U.S. 978 (2002); *Martinez v. Texas Court of Criminal Appeals*, 292 F.3d 417, 423 (5th Cir.), *cert. denied*, 535 U.S. 1091 (2002).

Because the Fifth Circuit has already denied Cannady's motion for leave to file a successive petition based on substantially the same claims raised in Mr. Pena's filing, this Court will not transfer Mr. Pena's filing to the Fifth Circuit. Accordingly,

IT IS ORDERED that Cannady's successive petition (Docket Entry 1) is **Dismissed.**

SIGNED and ORDERED this 19th day of May, 2010.

                                              Janis Graham Jack
                                              United States District Judge