IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| In Re Rogelio Cannady | § § § § | B-10-CV-87 |

ORDER DENYING MOTION FOR RECONSIDERATION

Earlier today, this Court dismissed a document filed by Jose Luis Pena purporting to be a petition for a writ of habeas corpus on behalf of Texas death row inmate Rogelio Cannady. The memorandum and order dismissing the petition clearly explained that this Court has no jurisdiction to consider this successive petition. Late this afternoon, Mr. Pena filed a motion for reconsideration.

In this motion, Pena states that he disagrees with this Court's characterization of his original filing as a successive petition, noting that he has never before filed anything on Cannady's behalf, and that he brought the petition on his own behalf and "on behalf of all others similarly situated." The petition nonetheless challenges the validity of Mr. Cannady's conviction and sentence, and requests relief on behalf of Mr. Cannady. It is thus clearly a successive petition.

Even if this Court were to regard Mr. Pena's filing as the "independent Petition and/or request" that Mr. Pena describes, no relief is warranted because Mr. Pena lacks standing.

> To establish an Art. III case or controversy, a litigant first must clearly demonstrate that he has suffered an "injury in fact." That injury, we have emphasized repeatedly, must be concrete in both a qualitative and temporal sense. The complainant must allege an injury to himself that is "distinct and palpable," *Warth* [*v. Seldin*], *supra,* 422 U.S. [490] at 501, 95 S.Ct., at 2206 [(1975)], as opposed to merely "[a]bstract," *O'Shea v. Littleton,* 414 U.S. 488, 494, 94 S.Ct. 669, 675, 38 L.Ed.2d 674 (1974), and the alleged

>harm must be actual or imminent, not "conjectural" or "hypothetical." *Los Angeles v. Lyons,* 461 U.S. 95, 101-102, 103 S.Ct. 1660, 1664-1665, 75 L.Ed.2d 675 (1983).

*Whitmore v. Arkansas,* 495 U.S. 149, 155(1990). Pena seeks relief on behalf of Cannady; he seeks no relief for any injury to himself. Accordingly, he lacks standing to bring this claim.

In sum, Pena's filing is either a successive petition for a writ of habeas corpus on behalf of Cannady, or a claim that Pena has no standing to raise. Accordingly,

IT IS ORDERED that Cannady's Motion for Reconsideration (Docket Entry 6) is **Denied.**

SIGNED and ORDERED this 19th day of May, 2010.

_____
Janis Graham Jack
United States District Judge